FILED
JUN -3 2013  JFLF
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                                    Case No. 13-10132-A-12F
                                         DC No. DKE-3
ANTONIO CABRAL and MARIA CABRAL

         Debtor.
_____/

**SUPPLEMENTAL FINDINGS OF FACT AND CONCLUSIONS OF LAW
RE MOTION TO DISMISS AND FOR FILING BAR**

Debtors Antonio Cabral and Maria Cabral have filed three Chapter 12 bankruptcies in the last 29 months. Creditor Bank of America moves to dismiss this, the third, bankruptcy and seeks a 180 day filing bar.

**DISMISSAL**

Only a family farmer or family fisherman may file a Chapter 12 bankruptcy. 11 U.S.C. § 109(f). Cabrals contend they are the former. "Family farmer" is a defined term and, as applicable on the petition date, means an "individual or individual and spouse engaged in a farming operation whose aggregate debts do not exceed $3,792,650." Debts included scheduled debts, as well as proofs of claims and other evidence. *Quintana v. IRS (In re Quintana)*, 107 B.R. 234,239, n. 6 (9th Cir. BAP 1989), aff'd. 915 F.2d 513 (9th Cir. 1990). The court finds that Cabral's debt is $3,982,671.54, which is $190,021.54 over the debt limit.

The debtor argues that the Bank of America has received

$368,349.19, from an auction that must be applied to reduce the debt, bringing them within the eligibility limitation. Cabrals are wrong. First, there is no evidence before the court supporting this fact. LBR 9014-1(d)(6). Second, this money is admittedly held by the receiver, and not the bank. Second, the Stipulation for Stay Relief, March 5, 2013, ECF No. 40. Until the money is distributed by the receiver the debt to the Bank of America is not deemed reduced.

In the alternative, the court grants the motion under 11 U.S.C. § 1208(c), finding cause in the form of bad faith. The particular facts supporting a finding of bad faith are those facts specified in the "Filing Bar" portion of this memorandum.

For these reasons, the motion to dismiss is granted.

## FILING BAR

Title 11 U.S.C. § 349(a) provides, "Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title." Section 109(g) is inapplicable to this case. As a result, § 349(a) does not serve as a bar to re-filing unless the court orders otherwise for cause shown. Cause has been established by a demonstration of bad faith. *In re Leavitt*, 171 F.3d 1219, 1224 (9th Cir. 1999). Bad faith involves application of the "totality of the circumstances" including: (1) misrepresentation of the facts in the petition or plan, unfair manipulation of the Bankruptcy Code or otherwise prosecution of the case in an inequitable manner; (2) the debtor's history of filings and dismissals; (3)

1  whether the debtor
2  only acted to defeat state court litigation; and (4) egregious
3  behavior present. "A finding of bad faith does not require fraudulent
4  intent by the debtor. [N]either malice nor actual fraud is required
5  to find a lack of good faith. The bankruptcy judge is not required to
6  have evidence of debtor ill will directed at creditors, or that debtor
7  was affirmatively attempting to violate the law-malfeasance is not a
8  prerequisite to bad faith." *Id.*

9  The court finds bad faith and imposes a 180 filing bar. The
10 facts demonstrating bad faith are as follows. First, this is the
11 third Chapter 12 case in 29 months. Compare, *In re Cabral,* No. 10-
12 18874 (Bankr. E.D. Cal. 2010), with *In re Cabral,* No. 12-12050, and
13 with *In re Cabral,* No. 13-10132 (E.D. Cal. 2013). The first was
14 voluntarily dismissed; the second was dismissed on the motion of the
15 bank. The third Chapter 12 has been pending since January 9, 2013.

16 Second, there has been misrepresentation of the facts. The
17 debtor scheduled debt of $2,985,178. It was actually $3,982,671.54.
18 This is a discrepancy of $997,493.54.

19 Third, the third case was filed to defeat state court litigation.
20 After the second case was dismissed but before the third case was
21 filed, the bank brought an action in state court, which included a
22 request for a receiver. *Bank of America v. Cabral,* No. MCV 062020
23 (Madera Superior Court 2012). Stipulation for Relief from Stay, March
24 5, 2013, ECF No. 40. While it is true that the debtor stipulated to
25 lift the stay to allow the receiver to liquidate the Cabrals' dairy
26 herd, other portions of the state court action remain stayed. 11
27 U.S.C. § 362(a).

28 Fourth, and finally, the court finds that the debtors have failed

3

to comply with court orders in aid of the discovery process associated with a Motion to Value Collateral, January 17, 2013, ECF Nos. 10-21, 25-26, 29, 38-39, 45-48, 51-53, 76, 96-101, 110.  Summarized, the debtor moved to value specified collateral that is the subject of the lien in favor of the Bank of America.  The Bank of America opposed the motion, triggering the rights under Federal Rule of Bankruptcy Procedure 9014(c), including the right to discovery.  On April 18, 2013, the court ordered the debtors to allow access to the bank, or its representatives, for the purposes of appraising these assets.  Civil Minutes, April 18, 2013, ECF No. 76.  Cabrals have failed to comply with this order.  Declaration of Morasci, May 17, 2013, ECF No. 97.  From this refusal the court finds that Cabrals are prosecuting the case in an equitable manner.

    For each of these reasons, a 180 day filing bar is imposed.

DATED: June 3, 2013

_____
FREDRICK E. CLEMENT, Judge
United States Bankruptcy Court